On Rehearing:
The fifth section of the act approved twenty-first March, 1874, p. 207, confers upon the mayor of the town of Homer all the powers and *545 duties of a justice of the peace for all civil and criminal matters originating within the limits of the corporation.
The same section gives to the mayor and selectmen the power to pass by-laws and ordinances not inconsistent with the laws and constitution of the United States and of this State, as they may deem proper, in relation to the good government, improvement and police regulation of the town, in all respects and particulars whatsoever, to impose such fines and penalties for a breach of their by-laws and ordinances as they may deem proper, not to exceed the sum of twenty dive dollars for any single offense, receivable before the mayor or any justice of the peace of the ward, under precisely such process, evidence and showing as other debts are recoverable, and no ordinance or bylaws shall be passed or enacted by the corporate authorities of said town of Homer imposing or locking any person up in any calaboose or jail for non-payment of a fine; provided, that any drunken or disorderly person disturbing the peace and refusing to be quiet or to leave the corporate limits of the town instantly, may, at the discretion of the mayor, be sent to the parish jail or town calaboose and locked up uutil he shall have become sober and quiet, when he may be fined in such sum as the mayor may deem just and proper, not to exceed the sum of twenty-five dollars, as hereinbefore provided for, which sum shall be collectible in the mode and manner already specified.
On the fifteenth August, 1871, the Mayor and selectmen of the town of Homer passed an ordinance by which it was declared that “ any person who shall be guilty of loud and boisterous cursing and swearing or using obscene language in any place of public resort, or upon the public streets of Homer, or who shall be guilty of any riotous conduct calculated to disturb the peace and quiet of the town or any citizen thereof, or who shall be guilty of fighting, unless in self-defense, upon conviction thereof shall pay not less than five nor more than twenty-five dollars, or be imprisoned in the parish jail or town lockup not more than ten days, or both, at the discretion of the court.”
The defendant was proceeded against for having violated this ordinance, and he was ordered by the mayor to pay a fine of twenty-five dollars and costs, and in default of payment to be imprisoned until the same was paid.
From this judgment he appeals. It is apparent from a mere reading of the statute under which the ordinance was framed that the mayor and selectmen exceeded their powers. They could not do anything which they were not authorized to do by the statute from which they derived their powers, and this statute expressly prohibited them from imprisoning any person for any period beyond the time necessary for the offender to become sober, or until he should desist from violence. *546 Here the period of imprisonment imposed by the mayor was absolutely without limit. If he did not pay the fine in twenty years he would, under the judgment, remain in jail for twenty years. In this the judgment violates the' ordinance itself, which limits imprisonment to ten days. The judgment therefore is doubly wrong, for it condems under an illegal ordinance, and goes much further than the ordinance itself permits.
As the act of the Legislature, under which the ordinance under consideration was enacted was passed in 1874, its constitutionality must be tested by the constitution of 1868. If article 73 of that constitution, which provides that the judicial power shall be vested in a Supreme Court, in district courts, in parish courts, and in justices of the peace, and the eighty-ninth article which declares that “justices of the peace shall be elected by the electors of each parish in the manner to be provided by the General Assembly,” stood alone, the question might arise as to the power of the Legislature to confer judicial ■power upon the mayor of a town.
But article 94 of the constitution provides that “ no judicial powers, except as committing magistrates in criminal cases, shall be conferred on any officers other than those mentioned in this title, except such as may be necessary in towns and cities, and the judicial powers of such officers shall not extend further than the cognizance of cases arising under the police regulations of town and cities in the State. Therefore, where it is necessary to confer judicial powers upon others besides those designated in the constitution, in towns and cities, with regard to cases under the police regulations of the towns and cities, the Legislature has the authority to confer the power. And as the law before us refers to officers of a town, and regards the police regulations of that town, it follows that our former judgment is partly right, and partly wrong. It is right when it declares that the ordinance under which this action is brought, in so far as it permits the mayor of Homer to imprison the defendant for an indefinite period, is illegal and unconstitutional. It is wrong when it declares that that portion of the ordinance which allows the mayor to impose a fine upon the defendant is illegal and unconstitutional.
It is therefore ordered, adjudged and decreed that our former judgment in this case be set aside. And it is now ordered, adjudged and decreed that the judgment in so far as it orders the defendant to be imprisoned until the judgment rendered against him and the costs are paid, be avoided, annulled and reversed; and that so far as it imposes a fine of twenty-five dollars and costs upon the defendant, it be affirmed, defendant paying the costs in the court below, plaintiff those of this appeal.